815 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alan E. ZIMMER, Petitioner-Appellant,
v.
Robert L. MATTHEWS, Warden, Federal Correctional
Institution, Lexington, Kentucky, Respondent-Appellee.
 No. 86-6158.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. Upon examination of the record and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, who is currently incarcerated at the Federal Correctional Institution in Lexington, Kentucky, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. In support of his claim that he should be released from imprisonment, he alleged that he suffered from numerous physical ailments and that the facilities at that institution were wholly inadequate to meet his medical needs. By order entered October 24, 1986, however, the district court denied the petition for a writ of habeas corpus and appellant thereafter filed this appeal.
 
 
 3
 Review of the record, particularly the petition for a writ of habeas corpus, indicates that the district court did not err in denying appellant's request for that relief. Specifically, the claims raised in the petition simply are not the appropriate subjects of a habeas proceeding, which has traditionally served as a means of obtaining release from confinement or removal of conditions of that confinement that have been improperly imposed in derogation of the petitioner's rights under the laws or the Constitution of the United States. Preiser v. Rodriguez, 411 U.S. 475 (1973). Appellant's basic claim that he is entitled to release due to his poor health simply does not fall into those narrow categories which in the past have given rise to habeas relief. Furthermore, even if the allegations contained in the petition for a writ of habeas corpus were construed so as to amount to an Eighth Amendment claim that medical facilities at the place of his incarceration were so lacking as to constitute cruel and unusual punishment, no authority can be found to support his ultimate assertion that such conditions would entitle him to a writ of habeas corpus and the termination of his incarceration.
 
 
 4
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the district court's final order entered October 24, 1986, is affirmed.